**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

May 25 2012, 8:54 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MATTHEW D. ANGLEMEYER**
Marion County Public Defender, Appellate Div.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**IAN McLEAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| WILLIAM PARGO, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1104-CR-174 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Steven R. Eichholtz, Judge
Cause No. 49G20-0906-FA-217

**May 25, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

William Pargo brings this interlocutory appeal of the grant of the State's second motion to amend the charging information against him. He presents multiple issues for our review, which we consolidate and restate as whether the trial court abused its discretion when it granted the State's motion to amend the charges against Pargo. We affirm.

**FACTS AND PROCEDURAL HISTORY[1]**

On June 29, 2009, the State charged Pargo with Class A felony conspiracy to commit dealing in cocaine.[2] The charging information alleged:

> WILLIAM PARGO, between April 27, 2009 and June 9, 2009 did, with the intent to commit the felony of dealing in cocaine, agree with WILLIAM PARGO to commit said felony of dealing in cocaine, in an amount greater than three grams, which is to knowingly deliver or finance the delivery of a controlled substance, that is: cocaine, in an amount greater than three grams and that WILLIAM PARGO performed the following overt act in furtherance of the agreement: did order from, negotiate with, meet with and/or did purchase cocaine from WILLIAM PARGO.

(App. at 26.) The charges stemmed from a "long-term narcotics, firearms, and gang investigation," (*id*. at 22), in which the Indianapolis Metropolitan Police Department and the Indiana State Police tapped the phones of Pargo and two other men. The trial court set an omnibus date of September 19, 2009.

---

[1] We heard oral argument on April 17, 2012, in the Morgan County Courthouse in Martinsville, Indiana. We thank Judge Jane Craney, her staff and the Morgan County Bar Association for their hospitality, and counsel for their advocacy.

[2] Ind. Code § 35-48-4-1(b) (dealing in cocaine); Ind. Code § 35-41-5-2 (conspiracy).

On November 18, 2010, the State moved to amend the charge against Pargo.[3] The amended charging information for dealing in cocaine alleged:

> WILLIAM PARGO, between April 27, 2009, and June 9, 2009, did with the intent to commit the felony of Dealing in Cocaine, agree with drug suppliers and/or drug customers and/or co-conspirators on multiple occasions to commit said felony of Dealing in Cocaine, which is to knowingly deliver and/or possess with intent to deliver a controlled substance, that is: cocaine, in an amount greater than three (03) grams, and WILLIAM PARGO performed the following overt acts in furtherance of the agreement: did order from and/or negotiate with and/or possess and/or arrange the delivery of and/or did deliver cocaine[.]

(*Id.* at 98.) Pargo filed an objection to the State's motion to amend, arguing:

1. Defendant was charged on June 29, 2009, with Conspiracy to Commit Dealing in Cocaine, a class A felony.

\* \* \*

2. On July 6, 2009, the Court issued its Jury Trial Setting and Case Management Order. Said order set the Omnibus Date in this matter as September 19, 2009. There have NEVER been any extensions of the Omnibus Date.

3. On November 18, 2010, the State's Motion to Amend Information was filed. Said Motion radically changes the language in Count I and adds a new Count II Conspiracy to Commit Dealing in Marijuana, a class C felony.

\* \* \*

5. For almost one and a half years, the Defense prepared this case based upon the language of the original charge.

6. Defendant made several discovery decisions based upon the original language. Defendant participated in Plea Negotiations based upon the original language.

7. The proposed Amendment is a SUBSTANTIAL change in the charging information. In the original charge, any evidence of conduct by persons other than persons named William Pargo was irrelevant as the charge alleged Defendant *agreed with* William Pargo to deal cocaine, and the

---

[3] The State's motion also requested permission to charge a second count, Class C felony conspiracy to commit dealing in marijuana. Ind. Code § 35-48-4-10(b)(2) (dealing in marijuana); Ind. Code § 35-41-5-2 (conspiracy). Pargo objected to that proposed amendment, and the trial court denied the State's request to add Count II. No issues related to this proposed amendment are raised on appeal.

"overt act in furtherance" was with a person named William Pargo.

8.  The proposed Amended Count I gives Defendant NO NOTICE of what is alleged against him. There is approximately a six (6) week period where Defendant is alleged to have agreed with some unnamed, unspecified, person, and the Defendant is now alleged to have committed some vague "overt act in furtherance" of that agreement. Defendant cannot prepare a defense based upon such vague, general allegations spanning such a large time period.

9.  The proposed Amended Count I does not "clarify the nature of the charge against Defendant" but rather it obscures the allegations against Defendant.

(*Id*. at 112) (emphasis in original).

The trial court heard arguments on the State's proposed amendments to Pargo's charging information. The trial court sustained Pargo's objection to the amendment and told the State, "I want you to allege everything you're going to try to prove so he has notice as to what he's going to defend against." (Tr. at 12-13.) The court gave the State permission to refile the amended charge with more specific information.

On January 27, 2011, the State again moved to amend the information for Count I. The second amended information alleged:

WILLIAM PARGO, between April 27, 2009, and June 9, 2009, did with the intent to commit the felony of Dealing in Cocaine, agree with drug suppliers and/or drug customers and/or co-conspirators to commit said felony of Dealing in Cocaine, which is to knowingly deliver and/or possess with intent to deliver a controlled substance, that is: cocaine, in an amount greater than three (03) grams, and WILLIAM PARGO performed the following overt acts in furtherance of the agreement: did order from and/or negotiate with and/or possess and/or arrange the delivery of and/or did deliver cocaine to Steven Carter and/or Albert Fields and/or Gonzo McDaniel and/or Quinndolyn Davis and/or Tiphamy Shotwell and/or Shanena Clerk and/or Lakeita Reed and/or Jerry Gates and/or Andre Holt and/or Rubin Pierson and/or Thadeus Bell and/or Luis Cisneros and/or Robert Howard and/or Michael Taylor and/or Latoya Tooson and/or Jerry Turner[.]

4

(App. at 132.) The trial court heard argument on the proposed amendment. Pargo argued the amended charging information prejudiced his defense because the addition of sixteen possible co-conspirators created "one hundred and fifty quadrillion possibilities," (Tr. at 33), of possible action and co-conspirator combinations within the amended charging information.

The trial court granted the State's second motion to amend and set the matter for trial in August 2011. On March 15, Pargo filed a motion to certify the issue for interlocutory appeal, which the trial court granted. We accepted jurisdiction.

## DISCUSSION AND DECISION

We review for an abuse of discretion a decision to allow the State to amend a charging information. *Ramon v. State*, 888 N.E.2d 244, 253 (Ind. Ct. App. 2008). Indiana Code § 35-34-1-5 governs amendments to charges, and states in relevant part:

> (a) An indictment or information which charges the commission of an offense may not be dismissed but may be amended on motion by the prosecuting attorney at any time because of any immaterial defect, including:
> > (1) any miswriting, misspelling, or grammatical error;
> > (2) any misjoinder of parties defendant or offenses charged;
> > (3) the presence of any unnecessary repugnant allegation;
> > (4) the failure to negate any exception, excuse, or provision contained in the statute defining the offense;
> > (5) the use of alternative or disjunctive allegations as to the acts, means, intents, or results charged;
> > (6) any mistake in the name of the court or county in the title of the action, or the statutory provision alleged to have been violated;
> > (7) the failure to state the time or place at which the offense was committed where the time or place is not of the essence of the offense;
> > (8) the failure to state an amount of value or price of any matter where that value or price is not of the essence of the offense; or
> > (9) any other defect which does not prejudice the substantial rights of the defendant.
> (b) The indictment or information may be amended in matters of substance and the names of material witnesses may be added, by the prosecuting attorney,

upon giving written notice to the defendant at any time:
>           (1) up to:
>                     (A) thirty (30) days if the defendant is charged with a felony; or
>                     (B) fifteen (15) days if the defendant is charged only with one
>                     (1) or more misdemeanors;
>           before the omnibus date; or
>                     (2) before the commencement of trial;
>           if the amendment does not prejudice the substantial rights of the defendant.
>           (c) Upon motion of the prosecuting attorney, the court may, at any time before,
>           during, or after the trial, permit an amendment to the indictment or information
>           in respect to any defect, imperfection, or omission in form which does not
>           prejudice the substantial rights of the defendant.

The omnibus date in Pargo's case was September 19, 2009. The State first filed a motion to amend the charges on November 18, 2010, over a year after the omnibus date.

Pargo argues the amendment prejudiced his "substantial rights to Due Process, his right to be free from double jeopardy under the Indiana and United States Constitutions, and his right to defend himself against these allegations," (Br. of Appellant at 1-2), and thus should not have been permitted after the omnibus date. The State argues the changes to Pargo's charging information did not prejudice his substantial rights because Pargo was on notice of the allegations against him because the State attached the probable cause affidavit to the charging information and provided him with access to the discovery conducted by the State.

In *Fajardo v. State*, 859 N.E.2d 1201, 1207 (Ind. 2007), our Indiana Supreme Court interpreted the language in a prior version of Indiana Code section 35-34-1-5 to mean that, to determine the permissibility of a proposed amendment, we must first consider whether the amendment is "addressed to a matter of substance or one of form or immaterial defect." An

amendment is one of substance if it "is essential to making a valid charge of the crime." *Id.* An amendment is one of form if both "(a) a defense under the original information would be equally available after the amendment, and (b) the accused's evidence would apply equally to the information in either form." *Id.* The Court went on to hold that amendments of form are permitted unless the defendant suffered substantial prejudice from the amendment, while amendments of substance are prohibited past thirty days after the omnibus date. *Id.*

In response to the holding in *Fajardo*, the Legislature amended Ind. Code § 35-34-1-5 to permit amendments in substance or form at any time prior to the commencement of trial, as long as the amendment did not prejudice the substantial rights of the defendant. *See* Ind. Code § 35-34-1-5(b) ("The indictment or information may be amended in matters of substance and the names of material witnesses may be added . . . (2) before the commencement of trial; if the amendment does not prejudice the substantial rights of the defendant."). *See also* Ind. Code § 35-34-1-5(c) (The court may permit amendment to the information "in respect to any defect, imperfection, or omission in form which does not prejudice the substantial rights of the defendant."). Therefore, we need not decide whether the amendment to Pargo's charging information was one of substance or form, and instead need only analyze whether his rights were substantially prejudiced.

We affirmed an amendment to an information under circumstances similar to those presented herein in *Jones v. State*, 863 N.E.2d 333, 338 (Ind. Ct. App. 2007). The State initially charged Jones with possession of cocaine pursuant to Ind. Code § 35-48-4-6. As a result of discovery conducted before the omnibus date, the State petitioned to amend the

charges against Jones to allege the drug he possessed was heroin, and not cocaine. We noted Jones' substantial rights were not prejudiced if he had "a right to sufficient notice and an opportunity to be heard regarding the charge." *Id.* We held Jones was not prejudiced because he had notice of the discovery that prompted the amendment. *Id.*

Pargo claims his substantial rights were prejudiced because he was not on notice of the possibility of any additional co-conspirators, as the original charging information alleged only that he conspired with William Pargo. Thus, he argues, he is unable to properly prepare a defense against the amended charges. The State asserts the attachment of the probable cause affidavit and the extensive discovery leading to the motion to amend the charges against him were sufficient to put Pargo on notice of the additional theories of culpability the State planned to present at trial.

In *Patterson v. State*, 495 N.E.2d 714, 719 (Ind. 1986), our Indiana Supreme Court held a probable cause affidavit, when attached to a charging information, may cure certain defects in the language of the information. Patterson argued the charging information did not specify the manner in which the State alleged she murdered her daughter. Our Indiana Supreme Court held the iteration of the cause of death in the probable cause affidavit attached to the charging information put Patterson on notice of the State's allegation that she beat her daughter, resulting in her daughter's death. *Id.*

The State attached a four-page probable cause affidavit to Pargo's original charging information and gave Pargo access to the evidence it had against him. Even though only two of the later-named co-conspirators were specifically referenced in the probable cause

8

affidavit, the allegation that Pargo was involved in multiple drug deals with multiple named individuals was sufficient to remedy the deficiencies in the original charging information and, in conjunction with the discovery available from the State, apprise Pargo of possible theories of guilt the State could present against him.[4]

Finally, as a practical matter, we note Pargo was charged with a Class A felony and, pursuant to Ind. Code § 35-41-4-2, "a prosecution for a Class A felony may be commenced at any time" after the commission of the alleged crime. Thus, if the State were to dismiss the original charge against Pargo, it could file a new charge or charges. As the grant of the State's motion to amend is the functional equivalent of allowing the State to dismiss and refile its charges, and as Pargo himself suggests the State should refile the charge under a different cause number, we cannot hold the trial court abused its discretion when it allowed the State to clarify the charges against Pargo in a more efficient way.[5]

---

[4] In addition, Pargo argues the amended charge, which names sixteen different conspirators and alleges multiple acts, violates his due process right to a unanimous jury verdict. Our Indiana Supreme Court recently proposed a solution to the problem of possible jury non-unanimity. *Baker v. State*, 948 N.E.2d 1169 (Ind. 2011), *reh'g denied*. That Court held, when the State does not designate specific actions on which it relied to prove a particular charge, "the jurors should be instructed that in order to convict the defendant they must either unanimously agree that the defendant committed the same act or acts or that the defendant committed all of the acts described by the victim and included with the time period charged." *Id*. at 1177. Therefore, to cure any concern a verdict might not be unanimous, we direct the trial court to include such an instruction to the jury before deliberations, should Pargo's trial go before a jury.

[5] Pargo also asserts the amended charging information could subject him to double jeopardy. As we cannot know what evidence might be presented at trial, this issue is not ripe for our consideration. *See Thomas ex rel. Thomas v. Murphy*, 918 N.E.2d 656, 663 (Ind. Ct. App. 2009) ("Ripeness relates to the degree to which the defined issues in a case are based on actual facts rather than on abstract possibilities, and are capable of being adjudicated on an adequately developed record."), *reh'g denied*, *trans. denied*.

**CONCLUSION**

Even though we note each case has individual circumstances under which the prosecution thereof occurs and our holding may not be applicable to every case in which relatively insufficient information is coupled with supplemental affidavits and discovery, we hold in this case the amendment to Pargo's charging information did not affect Pargo's substantial rights because he had notice of the possible amendments via the probable cause affidavit attached to his original charging information as well as through access to the State's evidence. Accordingly, we affirm.

Affirmed.

KIRSCH, J., and BRADFORD, J., concur.