ATTORNEY FOR APPELLANT
PAULA M. SAUER
DANVILLE, INDIANA

ATTORNEYS FOR APPELLEE
STEVE CARTER
ATTORNEY GENERAL OF INDIANA

GRANT H. CARLTON
DEPUTY ATTORNEY GENERAL
INDIANAPOLIS, INDIANA

_____

## In the
## Indiana Supreme Court

_____

### No.  32S01-0606-CR-237

ELIGIO C. FAJARDO,                          *Appellant (Defendant below),*

v.

STATE OF INDIANA,                          *Appellee (Plaintiff below).*


_____

Appeal from the Hendricks  Superior Court, No. 32D02-0406-FA-2
The Honorable David H. Coleman, Judge
_____

On Petition To Transfer from the Indiana Court of Appeals, No. 32A01-0501-CR-6
_____

**January 16, 2007**

**Dickson, Justice**.


The defendant, Eligio C. Fajardo, appeals his convictions on each of two counts of Child Molesting, one as a class C felony[1] and the other as a class A felony.[2]  The trial court ordered

_____

[1] Ind. Code § 35-42-4-3(b).

[2] Ind. Code § 35-42-4-3(a)(1).

concurrent sentences of two years and twenty years, respectively.  The Court of Appeals, in a memorandum decision, affirmed the convictions.  We granted transfer and now affirm the defendant's conviction for class C felony Child Molesting, but we reverse the class A felony conviction.

In this appeal, the defendant asserts two claims: (1) that the trial court erred by permitting the State to untimely amend the information charging Child Molesting as a class C felony to add a second count charging Child Molesting as a class A felony, and (2) that the evidence presented by the State was insufficient to support a conviction on either count.

## 1.  Amendment of Charging Information

The defendant first asserts that the trial court erroneously permitted the State to amend the initial class C felony Child Molesting charge by belatedly adding the additional count charging class A felony Child Molesting.  Citing Indiana Code § 35-34-1-5, the defendant presents two alternative arguments: (1) if the amendment related to an immaterial defect or one of form, it was improper because it was prejudicial to his substantial rights, particularly the right to a speedy trial; or (2) if the amendment related to a matter of substance, it was untimely because it was not filed more than thirty days before the omnibus date.

On February 13, 2004, the State charged the defendant with a single count of Child Molesting as a class C felony.[3]  At the initial hearing, the trial court set the pre-trial conference and omnibus date[4] for May 5, 2004, and scheduled jury trial for May 19, 2004.  The May 5 conference occurred as scheduled.  The State deposed the alleged victim the next day, and on May 12,

---

[3] This information charged that the defendant, "[o]n or about January 26, 2001 – January 26, 2003," at a specified Hendricks County address, performed or submitted to fondling or touching with a child who was between eight and ten years old, with the intent to arouse or satisfy the sexual desires of either the child or the defendant.  Appellant's App'x. at 12.

[4] The omnibus date is the date from which various other procedural deadlines are to be established.  Ind. Code § 35-36-8-1 provides that the judicial officer must set an omnibus date at the initial hearing.  The date must not be sooner than forty-five days or later than seventy-five days after the initial hearing, unless the prosecution and defense agree otherwise.  With few exceptions, as listed in § 35-36-8-1(d), the omnibus date is maintained until final disposition of the case.

2

one week after the omnibus date and one week before the scheduled trial, the State moved to add a second count, additionally charging the defendant with Child Molesting as a class A felony,[5] asserting that the child's deposition had disclosed a second separate incident of the defendant molesting the same child.[6] On May 17, 2004, two days before the scheduled start of the trial, over the defendant's objection, and after a hearing, the trial court permitted the State to add Count 2, charging Child Molesting as a class A felony. Appellant's App'x. at 111. The case eventually was tried by jury on October 27-29, 2004.

A charging information may be amended at various stages of a prosecution, depending on whether the amendment is to the form or to the substance of the original information. Such amendments are governed by Indiana Code § 35-34-1-5.[7] Subsection (a) permits an amendment

---

[5] This added count, for Child Molesting as a class A felony, charged that the defendant "[o]n or between January 26, 2001 – February 6, 2004" and at the same address as in the first Count, "did perform or submit to deviate sexual conduct" with the same child as in Count 1, as a child "between 8 and 11 years of age." Appellant's App'x. at 13. The term "deviate sexual conduct" is defined by statute as "an act involving: (1) a sex organ of one person and the mouth or anus of another person; or (2) the penetration of the sex organ or anus of a person by an object." Ind. Code § 35-41-1-9.

[6] By an additional motion, filed May 17, 2004, the State further requested that if the trial court were to determine that its new count alleging the Class A felony merely substituted for the original class C felony charge, then the State sought to file a separate second count reasserting the class C felony, but if the new class A felony charge were permitted as a second count, the the State sought to amend the timeframe alleged in the class C felony charge. Appellant's App'x. at 104-05. The court permitted the State to amend the original information by adding a second count charging the class A felony. The record indicates that no changes were made to the timeframe alleged in the original information.

[7] Ind. Code § 35-34-1-5 provides:
> (a) An indictment or information which charges the commission of an offense may not be dismissed but may be amended on motion by the prosecuting attorney at any time because of any immaterial defect, including:
>> (1) any miswriting, misspelling, or grammatical error;
>> (2) any misjoinder of parties defendant or offenses charged;
>> (3) the presence of any unnecessary repugnant allegation;
>> (4) the failure to negate any exception, excuse, or provision contained in the statute defining the offense;
>> (5) the use of alternative or disjunctive allegations as to the acts, means, intents, or results charged;
>> (6) any mistake in the name of the court or county in the title of the action, or the statutory provision alleged to have been violated;
>> (7) the failure to state the time or place at which the offense was committed where the time or place is not of the essence of the offense;

3

at any time "because of any immaterial defect," and it lists nine examples, including "(9) any other defect which does not prejudice the substantial rights of the defendant." Similarly, subsection (c) permits "at any time before, during, or after the trial, . . an amendment to the indictment or information in respect to any defect, imperfection, or omission *in form* which does not prejudice the substantial rights of the defendant." *Id.* (emphasis added). In contrast, subsection (b) expressly limits the time for certain other amendments:

> (b) The indictment or information may be amended in matters of *substance* or *form*, and the names of material witnesses may be added, by the prosecuting attorney, upon giving written notice to the defendant, *at any time up to*:
>> (1) *thirty (30) days* if the defendant is charged with a felony; or
>> (2) fifteen (15) days if the defendant is charged only with one (1) or more misdemeanors;
> *before the omnibus date. . . .*

Ind. Code § 35-34-1-5(b) (emphasis added).

This statutory language thus conditions the permissibility for amending a charging information upon whether the amendment falls into one of three classifications: (1) amendments correcting an *immaterial defect*, which may be made at any time, and in the case of an unenumerated immaterial defect, only if it does not prejudice the defendant's substantial rights; (2)

---

> (8) the failure to state an amount of value or price of any matter where that value or price is not of the essence of the offense; or
> (9) any other defect which does not prejudice the substantial rights of the defendant.
> (b) The indictment or information may be amended in matters of substance or form, and the names of material witnesses may be added, by the prosecuting attorney, upon giving written notice to the defendant, at any time up to:
>> (1) thirty (30) days if the defendant is charged with a felony; or
>> (2) fifteen (15) days if the defendant is charged only with one (1) or more misdemeanors;
>> before the omnibus date. When the information or indictment is amended, it shall be signed by the prosecuting attorney.
> (c) Upon motion of the prosecuting attorney, the court may, at any time before, during, or after the trial, permit an amendment to the indictment or information in respect to any defect, imperfection, or omission in form which does not prejudice the substantial rights of the defen-
> (d)ntBefore amendment of any indictment or information other than amendment as provided in subsection (b) of this section, the court shall give all parties adequate notice of the intended amendment and an opportunity to be heard. Upon permitting such amendment, the court shall, upon motion by the defendant, order any continuance of the proceedings which may be necessary to accord the defendant adequate opportunity to prepare his defense.
> (e) An amendment of an indictment or information to include a habitual offender charge under IC 35-50-2-8 must be made not later than ten (10) days after the omnibus date. However, upon a showing of good cause, the court may permit the filing of a habitual offender charge at any time before the commencement of the trial.

amendments to *matters of form*, for which the statute is inconsistent, subsection (b) permitting them only prior to a prescribed period before the omnibus date, and subsection (c) permitting them at any time but requiring that they do not prejudice the substantial rights of the defendant; and (3) amendments to *matters of substance*, which are permitted only if made more than thirty days before the omnibus date for felonies, and more than fifteen days in advance for misdemeanors. *See* Haak v. State, 695 N.E.2d 944, 951 (Ind. 1998).

In its memorandum decision, the Court of Appeals correctly noted that amendments of substance pursuant to subsection 5(b) may not occur after specified times in advance of the omnibus date, and it expressly found that the challenged amendment here was one of substance rather than one of form. But the court failed to apply the 5(b) prohibition upon amendments to substance after the omnibus date, believing that the ultimate question was whether or not the defendant had a reasonable opportunity to prepare for and defend against the charges such that his substantial rights were not affected.

Indiana criminal procedure has long distinguished between amendments to matters of substance and those to matters of form, the former historically prohibited after the defendant had entered a plea. *See, e.g.*, State ex rel Kaufman v. Gould, 229 Ind. 288, 290-91, 98 N.E.2d 184, 185 (1951). To determine whether an amendment related to a matter of substance or form, the rule applied was:

> If a defense under the affidavit [now, the information] as it originally stood would be equally available after the amendment is made, and if any evidence the accused might have would be equally applicable to the affidavit [information] in one form as in the other, then the amendment is one of form and not of substance.

*Id.* at 291, 98 N.E.2d at 185. This definition of "substance" was expanded by another 1951 opinion, Souerdike v. State, 230 Ind. 192, 196, 102 N.E.2d 367, 368 (1951), which added: "If the amendment is such that it is not essential to the charging of a crime, then it is not one of substance but one of form." These two definitional components have been combined, applied in numerous cases, and survive to the present time:

> An amendment is one of form and not substance if a defense under the original information would be equally available after the amendment and the accused's evidence would apply equally to the information in either form. Further, an amendment is of substance only if it is essential to making a valid charge of the crime.

McIntyre v. State, 717 N.E.2d 114, 125-26 (Ind. 1999) (citations omitted); *accord* Haak, 695 N.E.2d at 951; Sharp v. State, 534 N.E.2d 708, 714 (Ind. 1989), *cert. denied*, 494 U.S. 1031, 110 S.Ct. 1481, 108 L.Ed.2d 617 (1990); Graves v. State, 496 N.E.2d 383, 387 (Ind. 1986); Gibbs v. State, 460 N.E.2d 1217, 1221 (Ind. 1984); Owens v. State, 263 Ind. 487, 497, 333 N.E.2d 745, 750 (1975).

Although the distinction between matters of substance and those of form has long been a crucial factor in determining whether charging informations may be amended, the application of this distinction has varied. As noted above, for many years, amendments to substance were completely prohibited after a defendant had entered a plea. By 1973, the Indiana statutory provisions governing the amendment of an indictment or information distinguished between amendments in matters of form and those of substance by permitting an amendment in matters of substance only upon notice to the defendant and consent of the court "at any time before arraignment," and permitting an amendment "in respect to any defect, imperfection or omission in form" only if it "does not prejudice the substantial rights of the defendant." Acts 1973, Pub. L. No. 325, § 3, which was codified at Ind. Code § 35-3.1-1-5(b) and (c). The statute also contained a further limitation on all amendments regardless of whether they related to substance or form, as follows:

> (e) Notwithstanding any other provision in this section, an indictment or information shall not be amended in any respect which changes the theory or theories of the prosecution as originally stated, or changes the identity of the crime charged; nor may an indictment or information be amended after arraignment for the purpose of curing a failure to charge or state a crime or legal insufficiency of the factual allegations.

Acts 1973, Pub. L. No. 325, § 3, which was codified at Ind. Code § 35-3.1.1.5(e).

In 1982, the arraignment deadline for filing substantive amendments was changed when the legislature repealed subsections 5(b) and 5(e) and added a new subsection 5(b) limiting amendments "in matters of substance or form" to "any time up to thirty (30) days before the omnibus date." Acts 1981, Pub. L. No. 298, § 3.[8] Ensuing case law, however, has been inconsis-

---

[8] Public Law 298 was approved on May 5, 1981. Section 3 included the language quoted above as part of a new Indiana Code § 35-34-1-5, and Section 9 expressly repealed Indiana Code § 35-3.1, which con-

6

tent and conflicting, often reflecting the practice and procedure under prior statutes, or imprecisely disregarding the subsection 5(b) timeliness requirement for amendments to substance in favor of the absence of prejudice requirement that subsections 5(a)(9) and 5(c) apply only to amendments of form.

Several cases have permitted amendments related to matters of substance simply on grounds that the changes did not prejudice the substantial rights of the defendant, without regard to whether or not the amendments were untimely. *See, e.g.*, Kindred v. State, 540 N.E.2d 1161, 1170 (Ind. 1989); Wright v. State, 593 N.E.2d 1192, 1197 (Ind. 1992), *cert. denied*, 506 U.S. 1001, 113 S.Ct. 605, 121 L.Ed.2d 540 (1992); Haymaker v. State, 528 N.E.2d 83, 86 (Ind. 1988); Hegg v. State, 514 N.E.2d 1061, 1063 (Ind. 1987).[9] Several other cases likewise have not focused upon whether the challenged amendment was one of form or substance, but have employed components of the substance/form test (whether defense equally available and evidence equally applicable, and whether amendment not essential to making a valid charge) to assess whether the defendant's substantial rights were prejudiced, which is not a controlling factor for permitting substantive amendments. *See, e.g.*, Brown v. State, 728 N.E.2d 876, 879-80 (Ind. 2000); Sides v. State, 693 N.E.2d 1310, 1312-13 (Ind. 1998); Chambers v. State, 540 N.E.2d 600, 601-02 (Ind. 1989); Cornett v. State, 536 N.E.2d 501, 505 (Ind. 1989); Brooks v. State, 497 N.E.2d 210, 214 (Ind. 1986); Graves v. State, 496 N.E.2d 383, 387 (Ind. 1986).[10] The methodology employed in the cases identified in this paragraph does not comply with Indiana Code § 35-34-1-5.

---

tained the prior provision regarding amendment of indictments and informations. These changes were to become effective September 1, 1982.

[9] Examples of similar decisions of the Court of Appeals include Laughner v. State, 769 N.E.2d 1147, 1158 (Ind. Ct. App. 2002), *trans. denied*, *cert denied*, 538 U.S. 1013, 123 S.Ct. 1929, 155 L.Ed.2d 849 (2003); Townsend v. State, 753 N.E.2d 88, 95 (Ind. Ct. App. 2001), *trans. not sought*; Tripp v. State, 729 N.E.2d 1061, 1064-65 (Ind. Ct. App. 2000), *trans. not sought*; Todd v. State, 566 N.E.2d 67, 69 (Ind. Ct. App. 1991), *trans. not sought*; State v. Gullion, 546 N.E.2d 121, 122-23 (Ind. Ct. App. 1989), *trans. not sought*; and the memorandum opinion of the Court of Appeals in the present case.

[10] Examples of similar decisions of the Court of Appeals include Jones v. State, 766 N.E.2d 1258, 1262-63 (Ind. Ct. App. 2002), *trans. denied*; Smith v. State, 718 N.E.2d 794, 800 (Ind. Ct. App. 1999), *trans. denied*; Taylor v. State, 677 N.E.2d 56, 67 (Ind. Ct. App. 1997), *trans. denied*; Hart v. State, 671 N.E.2d 420, 427 (Ind. Ct. App. 1996), *trans. not sought*.

Subsection 5(b) presently prohibits any amendment as to matters of substance[11] unless made thirty days before the omnibus date for felonies and fifteen days before the omnibus date for misdemeanors. The statutory prerequisite requiring that an amendment not prejudice the substantial rights of the defendant applies only to amendments of certain immaterial defects under subsection 5(a)(9), and to amendments related to a defect, imperfection, or omission in form as provided in subsection 5(c). But as to an amendment relating to matters of substance, the statute is clear: the only prerequisite is that it must be filed the specified number of days before the omnibus date, pursuant to subsection 5(b).[12] *See* Haak, 695 N.E.2d at 951.

Therefore, the first step in evaluating the permissibility of amending an indictment or information is to determine whether the amendment is addressed to a matter of substance or one of form or immaterial defect. As noted above, an amendment is one of form, not substance, if both (a) a defense under the original information would be equally available after the amendment, and (b) the accused's evidence would apply equally to the information in either form. And an amendment is one of substance only if it is essential to making a valid charge of the crime. McIntyre, 717 N.E.2d at 125-26; Haak, 695 N.E.2d at 951.

The amendment in this case changes a one-count information charging Child Molesting as a class C felony to a two-count information additionally charging Child Molesting as a class A felony. Both charged offenses involve conduct with the same girl, a child under fourteen years of age, and the essential differences between the two are the date of the offense and the accused's conduct, age, and intent. For the class C felony, alleged to have occurred during a two-year pe-

---

[11] As noted above, subsection 5(b) expresses the same timing requirement for amendments both of form and of substance, but subsection 5(c) expressly permits amendments "at any time before, during, or after the trial" but only for amendments "in respect to any defect, imperfection, or omission *in form* which does not prejudice the substantial rights of the defendant." Ind. Code § 35-34-1-5(c).

[12] That this is the clear intention of the legislature is further demonstrated by its express authorization of amendments to timely add a habitual offender charge, but permitting a delayed amendment for good cause. This good cause exception was not provided to subsection 5(b) governing amendments of substance. *See* Acts 1993, Pub. L. No. 164 - 1993, § 7, codified at Ind. Code § 35-34-1-5(e) (adding a new subsection 5(e) that permits adding a habitual offender charge not later than ten days after the omnibus date, but simultaneously also providing, "However, upon a showing of good cause, the court may permit the filing of a habitual offender charge at any time before the commencement of the trial.").

riod after January 26, 2001, the defendant must have performed or submitted "to any fondling or touching, of either the child or the older person, with intent to arouse or to satisfy the sexual desires of either the child or the older person." Ind. Code § 35-42-4-3(b). For the class A felony charged in Count 2, alleged to have occurred at some point during a longer period, more than three years after January 26, 2001, the defendant must have been at least twenty-one years old and performed deviate sexual conduct, which is "an act involving: (1) a sex organ of one person and the mouth or anus of another person; or (2) the penetration of the sex organ or anus of a person by an object." Ind. Code § 35-41-1-9.

Applying the rule for distinguishing between amendments to matters of form and those of substance, we find that the addition of Count 2 charging a new separate offense constituted an amendment to matters of substance. The defendant's evidence addressed to disputing the occurrence of the original charge would not be "equally applicable" to dispute the date nor the specific conduct alleged in the separate additional charge sought to be added by the amendment. And because the amendment charges the commission of a separate crime, it also is unquestionably essential to making a valid charge of the crime, and thus it is not disqualified from being considered an amendment to a matter of substance.

Because the challenged amendment in this case sought to modify the original felony information in matters of substance, it was permissible only up to thirty days *before* the omnibus date. Ind. Code § 35-34-1-5(b). The amendment was not sought by the State, however, until seven days *after* the omnibus date, and thus failed to comply with the statute. The defendant's objection should have been sustained and the amendment denied. The conviction and sentence for Count 2, Child Molesting as a class A felony, must be vacated.

### 2. Sufficiency of Evidence

The defendant seeks reversal of the class A felony conviction on grounds of insufficient evidence of penetration, and reversal of both convictions on grounds of alleged incredible dubiosity of the child victim's testimony. Because the class A felony conviction is vacated on procedural grounds, we address only the claim as to the class C felony conviction.

9

In addressing a claim of insufficient evidence, an appellate court must consider only the probative evidence and reasonable inferences supporting the judgment, without weighing evidence or assessing witness credibility, and determine therefrom whether a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt.  Whedon v. State, 765 N.E.2d 1276, 1277 (Ind. 2002).  Appellate courts may, however, apply the "incredible dubiosity" rule to impinge upon a jury's function to judge the credibility of a witness.  Love v. State, 761 N.E.2d 806, 810 (Ind. 2002).  This rule is expressed as follows:

> If a sole witness presents inherently improbable testimony and there is a complete lack of circumstantial evidence, a defendant's conviction may be reversed.  This is appropriate only where the court has confronted inherently improbable testimony or coerced, equivocal, wholly uncorroborated testimony of incredible dubiosity.  Application of this rule is rare and the standard to be applied is whether the testimony is so incredibly dubious or inherently improbable that no reasonable person could believe it.

*Id.* (citations omitted); s*ee also* Stephenson v. State, 742 N.E.2d 463, 497-98 (Ind. 2001); White v. State, 706 N.E.2d 1078, 1079 (Ind. 1999); Bradford v. State, 675 N.E.2d 296, 300 (Ind. 1996).

Emphasizing that the prosecution was based on the testimony of the alleged child victim, who was eleven years old at the time of trial, the defendant argues that her testimony was vacillating, contradictory, and uncertain.  Pointing to specific examples, he asserts that she used equivocal phrases more than ninety times during her trial testimony and videotaped pre-trial interview, and he points to her testimony expressing uncertainty regarding the dates of the offense, the whereabouts of family members when the incident occurred, and whether some of the alleged touching by the defendant actually occurred.  Claiming that many of her answers were evasive, the defendant also asserts that her testimony was unsupported by corroborating evidence and that there was no physical evidence of any sexual abuse.  Although there were several other witnesses, among them the child's mother, a Child Protective Services caseworker, and the forensic pediatrician/child abuse consultant who examined the child, the defendant argues that they merely amounted to a "parade of witnesses who parroted the complainant's allegations."  Appellant's Br. at 25.  The defendant also urges that the child's credibility should be doubted because her first report of the incident occurred shortly after seeing a "good touch/bad touch" video at

school.[13]

Having reviewed the trial transcript, we find that the testimony of the eleven-year-old witness was not so incredibly dubious or inherently improbable that no reasonable person could believe it. While equivocations, uncertainties, and inconsistencies appear, they are appropriate to the circumstances presented, the age of the witness, and the passage of time between the incident and the time of her statements and testimony. And there is clear, unequivocal testimony from the child that establishes the necessary elements of the charged offense. We decline to invoke the incredible dubiosity rule to impinge on the jury's evaluation of the evidence in this case and conclude from the evidence that a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt.

## Conclusion

We affirm the defendant's conviction in Count 1, charging Child Molesting as a class C felony, and reverse the conviction in Count 2, charging Child Molesting as a class A felony. Because the trial court's sentencing determination for Count 1 may have been substantially affected by the sentence determination for Count 2, we remand to the trial court for a new sentencing determination.

Shepard, C.J., and Sullivan, Boehm, and Rucker, JJ., concur.

---

[13] He also argues that the prosecutor "heavily influenced" the child's testimony, amounting to a "coercive prosecutorial influence" on her testimony, Appellant's Br. at 29-30, but these allegations refer only to testimony concerning the class A felony and thus are no longer relevant.