**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Jun 20 2012, 9:02 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**STEPHEN T. OWENS**
Public Defender of Indiana

**C. BRENT MARTIN**
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Indiana Attorney General of Indiana

**GEORGE P. SHERMAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| WALTER JAMES BLAKE, | ) | |
| | ) | |
| Appellant- Defendant, | ) | |
| | ) | |
| vs. | ) | No. 29A02-1112-PC-1134 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee- Plaintiff, | ) | |

APPEAL FROM THE HAMILTON SUPERIOR COURT
The Honorable William J. Hughes, Judge
Cause No. 29D03-0812-PC-474

**June 20, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issue

After a jury trial, Walter Blake was convicted of various offenses and sentenced. He appealed, and this court affirmed his convictions. Blake v. State, 872 N.E.2d 706 (Ind. Ct. App. 2007) (table). His subsequent petition for post-conviction relief was denied. He raises one issue for our review: whether he received ineffective assistance of appellate counsel due to his appellate counsel's failure to seek transfer after this court affirmed his convictions. Concluding Blake has failed to establish he received ineffective assistance of appellate counsel, we affirm.

## Facts and Procedural History

On September 30, 2005, the State charged Blake with stalking as a Class D felony (Count 1), two counts of invasion of privacy as Class A misdemeanors (Counts 2 and 4), and two counts of intimidation as Class A misdemeanors (Counts 3 and 5). At Blake's January 18, 2006 initial hearing, the trial court set the omnibus date for March 21, 2006. On November 3, 2006, the State filed a Motion to Amend and Recaption Cause, seeking to amend the stalking charge in Count 1 to a Class C felony based upon language in the charging information alleging violation of a no-contact order, and the State further sought to amend the invasion-of-privacy charges in Counts 2 and 4 to Class D felonies. The trial court granted the State's motion to amend and recaption the cause. On December 5, 2006, the day of trial, the State filed a new charging information reflecting these amendments and including changed language in Count 1. The information changed the language in Count 1 to specify "on or about August 9 and through August 14, 2005" rather than "on or about August 9, 2005 and August 14, 2005" as it had originally read. Defense counsel objected to this change on double jeopardy grounds, and the trial court allowed the State to amend the information in Count 1 to specify, "on or about August 13, 2005 and August 14, 2005."

Id. at *1 (emphasis in original) (citation and footnotes omitted).

Blake was convicted on all counts. He was sentenced to eight years for stalking and one year for each other conviction, all of which were ordered served concurrently. Blake, represented by court-appointed counsel, appealed to this court, and, relevant to

this case, he argued the trial court abused its discretion by permitting the State to amend the charging information on the day of trial. Specifically, Blake, citing Fajardo v. State, 859 N.E.2d 1201, 1207 (Ind. 2007), superseded in part by statute, for support, argued that the amendment was one of substance, and that changes in matters of substance may not be made to the charging information if they occur fewer than thirty days before the omnibus date. Id. at *2. The State responded that the amendment was one of form, not substance, and therefore permissible pursuant to Indiana Code section 35-34-1-5(c) . Id.

We then concluded, as to the issue of the State's amendment to the charging information:

> We find it unnecessary to address this issue on its merits, however, because Blake has failed to preserve this issue for our review. It is well-settled that a defendant must request a continuance in addition to making an objection to a trial court's grant of a motion to amend. Wright v. State, 690 N.E.2d 1098, 1104 (Ind. 1997). Absent a motion to continue, the issue is waived on appeal. Id.; see Haak v. State, 695 N.E.2d 944, 951 n.5 (Ind. 1998). . . . Accordingly, we deem this issue waived.

Blake, 872 N.E.2d 706, *2. Blake subsequently sought post-conviction relief, claiming he received ineffective assistance of counsel during his direct appeal because his counsel did not aid him in seeking transfer to the Indiana Supreme Court after this court affirmed his convictions. The post-conviction relief court denied his petition. Blake now appeals.

## Discussion and Decision

### I. Standard of Review

> Defendants who have exhausted the direct appeal process may challenge the correctness of their convictions and sentences by filing a post-conviction petition. Post-conviction proceedings are civil proceedings, and a defendant must establish his claims by a preponderance of the evidence. Because the defendant is now appealing from a negative judgment, to the extent his appeal turns on factual issues, he must convince this Court that the evidence as a whole leads unerringly and unmistakably

3

to a decision opposite that reached by the post-conviction court. . . . We do not defer to the post-conviction court's legal conclusions, but do accept its factual findings unless they are clearly erroneous.

Stevens v. State, 770 N.E.2d 739, 745-46 (Ind. 2002) (citations and quotation omitted), cert. denied, 540 U.S. 830 (2003).

## II. Ineffective Assistance of Appellate Counsel

To establish an ineffective assistance of appellate counsel claim, Blake must demonstrate 1) his counsel performed deficiently and 2) the deficiency resulted in prejudice. Helton v. State, 907 N.E.2d 1020, 1023 (Ind. 2009). "There is a strong presumption that counsel performance was not deficient, and that presumption must be overcome with strong and convincing evidence." Yerden v. State, 682 N.E.2d 1283, 1286 (Ind. 1997). In order to establish the prejudice prong of ineffective assistance of counsel, Blake must show that, but for his counsel's alleged deficient performance, the outcome of his proceeding would have been different. Helton, 907 N.E.2d at 1023.

The deficient performance Blake alleges is his appellate counsel's failure to assist him in any way in pursuing transfer to our supreme court after this court affirmed his convictions. Blake argues this equates to deficient performance because this court's decision was in error, and thus, transfer should have been sought. The error Blake alleges is that this court relied on overturned case law in its opinion on Blake's direct appeal. Blake claims our supreme court's holding in Fajardo eliminated the need for a defendant to request a continuance in addition to making an objection to a trial court's grant of a motion to amend in order to preserve such issue for appeal, and, Blake argues, since this court's opinion deemed Blake's appeal of the State's untimely amendment to the charging information waived due to his failure to request a continuance in addition to

4

objecting, this court's prior opinion was in error and transfer should have been sought to our supreme court.

After reviewing the record, however, we cannot conclude Blake has sufficiently demonstrated his appellate counsel's performance was deficient, and our presumption that counsel was not deficient applies. There is no evidence in the record to suggest Blake's counsel in his direct appeal to this court was also appointed to represent Blake in seeking transfer to our supreme court.[1] Further, it is not as if Blake was unaware of his right to seek transfer and appeal this court's decision. This is clear because Blake petitioned for transfer acting pro se. And Blake does not contend his appellate counsel's performance was deficient in his direct appeal to this court. Indeed, his counsel raised the same argument Blake herein argues would have led to a different result if counsel had sought transfer to our supreme court. Thus, regardless of whether the argument Blake contends should have been taken to the supreme court has merit, we conclude he has failed to establish strong and convincing evidence that his counsel was deficient.

Further, even if Blake's counsel acted deficiently, Blake has failed to establish that he was prejudiced by his counsel not aiding him in petitioning for transfer to the supreme court. Blake did in fact petition the supreme court for transfer, acting pro se. In his petition, Blake asserted his contention "that the Court of Appeals decision [in regards to the trial court's permitting the State to amend the charging information] is contrary to this Court's decision in Fajardo v. State, 859 N.E.2d 1201 (Ind. 2007)." Petitioner's Exhibit

---

[1] However, even if it can be said that Blake's counsel was appointed for both his appeal to this court and in seeking transfer to our supreme court, this does not in and of itself establish his counsel was deficient for failing to seek transfer. "A healthy majority of lawyers who lose before the Indiana Court of Appeals . . . elect not to seek transfer. On the face of it, without any explanation, a lawyer who does not petition for transfer has simply performed according to the statistical norm." Yerden, 682 N.E.2d at 1286.

B, Appellant's Petition to Transfer at (i). He then proceeded to argue that this court's decision on his direct appeal was in error because the amendment was allowed on the day of trial, which he argued violated both Indiana Code section 35-34-1-5 and Fajardo. Certainly having trained legal counsel would have assisted Blake in making his arguments more persuasive and eloquent, but the central point of the argument he claims should have been made to the supreme court is that this court's prior opinion was contrary to Fajardo and Indiana Code section 35-34-1-5, and his pro se petition sufficiently communicated that point. Nevertheless, the supreme court unanimously denied Blake's petition for transfer. Thus, Blake has failed to establish that, but for his counsel's alleged deficient performance, the outcome of his proceeding would have been any different.

## Conclusion

Blake has failed to establish his appellate counsel acted deficiently or that he was prejudiced by the alleged deficiency, and we therefore conclude he did not receive ineffective assistance of counsel and affirm the post-conviction court's denial of his petition for post-conviction relief.

Affirmed.

MATHIAS, J., concurs.

BAILEY, J., concurs in result with separate opinion.

6

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| WALTER JAMES BLAKE, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | ) No. 29A02-1112-PC-1134 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

**BAILEY, Judge, concurring in result**

I too conclude that Blake has not established that he was denied the effective assistance of appellate counsel when counsel elected not to pursue a petition for transfer and continue to claim that the amendment in Blake's case, narrowing the dates to avoid a double jeopardy violation, was an untimely substantive amendment. See Yerden v. State, 682 N.E.2d 1283, 1286 (Ind. 1997) (recognizing that the decision to refrain from filing a petition for transfer is in accordance with the statistical norm).

However, I write separately to express my disagreement with the Court of Appeals decision on Blake's direct appeal insofar as the Court found that Blake had waived his claim of untimely substantive amendment when he failed to request a continuance after the trial court allowed the amendment over his objection (citing Wright v. State, 690 N.E.2d 1098, 1104 (Ind. 1997) and Haak v. State, 695 N.E.2d 944, 951 n.5 (Ind. 1998)).

Amendment of a charging information is governed by Indiana Code Section 35-34-1-5, which distinguishes between substantive amendments and those as to form. The statutory language in effect at the time of Blake's crimes (providing that a substantive

7

amendment to a felony charge could be made at any time up to thirty days before the omnibus date) was the version interpreted in Fajardo v. State, 859 N.E.2d 1201 (Ind. 2007), superseded by statute.[2] The Indiana Supreme Court determined that, "as to an amendment relating to matters of substance, the statute is clear: the only prerequisite is that it must be filed the specified number of days before the omnibus date[.]" Id. at 1207.

Subsequently, in Fuller v. State, 875 N.E.2d 326, 331-32 (Ind. Ct. App. 2007), superseded by statute, we reasoned that, because the Fajardo opinion clarified that the validity of an amendment of substance turns solely upon the timing of the amendment and made no mention of whether a continuance was requested, the defendant in Fuller need not have moved for a continuance in order to preserve his objection.[3]

I am likewise persuaded that Blake, who challenged an amendment made within the narrow window of time under the auspices of Fajardo before subsequent legislative action, need not have requested a continuance to preserve his allegation of error. That said, I do not also conclude that he has demonstrated ineffectiveness. Blake filed a pro-se petition for transfer, asserting that the Court of Appeals decision was contrary to Fajardo. (Pet. Ex. B.) The petition to transfer was denied. As such, Blake is unable to show the likelihood that a different outcome would have ensued had counsel, and not Blake, signed the petition for transfer.

Therefore, I concur in the result reached by the majority.

---

[2] Effective May 8, 2007, the General Assembly amended Indiana Code § 35-34-1-5 to provide that an indictment or information may be amended in matters of substance before the commencement of trial if the amendment does not prejudice the substantial rights of the defendant.

[3] Decisions after the legislative amendment of Indiana Code Section 35-34-1-5 (now providing for pre-trial amendment where the defendant's substantial rights are not prejudiced) again hold that a defendant is required to make a motion for a continuance in order to preserve a claim of untimely amendment. See e.g., Wilson v. State, 931 N.E.2d 914, 918 (Ind. Ct. App. 2010), trans. denied.