**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Jan 23 2013, 8:50 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**GARY L. GRINER**
Griner & Company
Michigan City, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

DENNIS KNIGHT,  )
                                             )
       Appellant-Defendant,  )
                                             )
           vs.  )       No. 71A05-1208-CR-436
                                             )
STATE OF INDIANA,  )
                                             )
       Appellee-Plaintiff.  )

APPEAL FROM THE ST. JOSEPH SUPERIOR COURT
The Honorable Jerome Frese, Judge
Cause No. 71D03-1108-FB-122

**January 23, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

Ryan Holloway was working at a Family Dollar store in South Bend when Dennis Knight walked in and, displaying a handgun, told Holloway to open the cash register. Holloway opened two registers and gave Knight the money therein, whereupon Knight left the store. The next day, Holloway was driving when he recognized Knight sitting on a bench in front of the Trinity Towers. Holloway stopped, confronted Knight, and asked a security guard to call the police. Knight fled but was soon apprehended. Knight was ultimately convicted of Class C felony robbery and Class B felony possession of a firearm by a serious violent felon ("SVF"), and the trial court sentenced him to an aggregate term of twenty years. Knight contends that the State failed to produce sufficient evidence to sustain his conviction for Class C felony robbery, arguing that Holloway's identification of him as the robber cannot be credited. Concluding that Holloway's identification of Knight as the robber is sufficient to establish Knight's identity, we affirm.

## FACTS AND PROCEDURAL HISTORY

Right before noon on July 20, 2011, Holloway was working alone at a Family Dollar store in South Bend when he noticed a man, who Holloway later identified as Knight, walk past the store, look inside, and then enter. Knight asked, "where's the lady that's working?", and Holloway replied that she was not working that day. Tr. p. 9. At that point, Knight walked to a cash register and told Holloway to open it. As Holloway approached the register, he noticed that Knight was holding a handgun underneath his shirt. After Holloway opened and emptied two cash registers, Knight told him to go to the back of the store, and Knight left.

2

The next day, Holloway was driving through town when he saw Knight sitting on a bench with a female in front of Trinity Towers. Holloway stopped and confronted Knight as Knight was walking into Trinity Towers. When Holloway asked a security guard to call the police, Knight pushed Holloway and fled. Police arrived and apprehended Knight.

On August 10, 2011, the State charged Knight with Class B felony robbery and Class B felony SVF. Following a bench trial, the trial court found Knight guilty of robbery, and after Knight stipulated that he had a prior robbery conviction, the trial court found him guilty of SVF. The trial court ultimately entered convictions for Class C felony robbery and Class B felony SVF and sentenced Knight to eight years of incarceration for robbery and twenty for SVF, to be served concurrently.

## DISCUSSION AND DECISION

### Sufficiency of the Evidence

Knight contends that Holloway's identification of him as the robber is unworthy of credit to the extent that it requires his acquittal due to insufficient credible evidence.[1] "In addressing a claim of insufficient evidence, an appellate court must consider only the probative evidence and reasonable inferences supporting the judgment, without weighing evidence or assessing witness credibility, and determine therefrom whether a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt." *Fajardo v. State*,

---

[1] Although Knight frames this argument solely in terms of his robbery conviction, the question of identity is equally applicable to both of his convictions, and his stipulation during the SVF portion of his trial was only that he had a prior robbery conviction, not that he was the person possessing the handgun in the Family Dollar. We therefore treat Knight's argument as applicable to both of his convictions.

3

859 N.E.2d 1201, 1208 (Ind. 2007) (citing *Whedon v. State*, 765 N.E.2d 1276, 1277 (Ind. 2002)). "Appellate courts may, however, apply the 'incredible dubiosity' rule to impinge upon a jury's function to judge the credibility of a witness." *Id*. (citing *Love v. State*, 761 N.E.2d 806, 810 (Ind. 2002)).

> If a sole witness presents inherently improbable testimony and there is a complete lack of circumstantial evidence, a defendant's conviction may be reversed. This is appropriate only where the court has confronted inherently improbable testimony or coerced, equivocal, wholly uncorroborated testimony of incredible dubiosity. Application of this rule is rare and the standard to be applied is whether the testimony is so incredibly dubious or inherently improbable that no reasonable person could believe it.

*Love*, 761 N.E.2d at 810 (citations omitted).

The incredible dubiosity rule does not help Knight in this case. Holloway's testimony was neither inherently improbable, coerced, equivocal, nor wholly uncorroborated. Holloway never wavered from his identification of Knight as his robber, testifying that "I don't forget a face[.]" Tr. p. 40. Moreover, the State introduced a video of the robbery, which showed the robber, corroborating Holloway's testimony to a great extent. Although the robber was wearing a baseball cap and glasses, he is shown in profile several times, and his full body is shown in several shots. We will not invade the province of the trial court to determine if the person in the video was or was not the defendant sitting in the courtroom. Knight's argument is an invitation to reweigh the evidence, which we will not do.

The judgment of the trial court is affirmed.

NAJAM, J., and FRIEDLANDER, J., concur.

4