# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 20 2018, 6:35 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald E.C. Leicht
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Michael S. Robinson, *Appellant-Defendant,* | November 20, 2018 |
| v. | Court of Appeals Case No. 18A-CR-1013 |
| | Appeal from the Howard Superior Court |
| State of Indiana, *Appellee-Plaintiff.* | The Honorable Brant J. Parry, Judge |
| | Trial Court Cause No. 34D02-1612-F3-342 |

**Brown, Judge.**

[1] Michael S. Robinson appeals and raises one issue which we revise and restate as whether the trial court erred in allowing the State to amend the charging information related to Counts I and XIII. We affirm.

*Facts and Procedural History*

[2] On December 16, 2016, the State charged Robinson with Count I, kidnapping as a level 3 felony alleging that Robinson did "knowingly or intentionally remove another person, to-wit: Matthew W. Caine and Bryan Hill; by fraud, enticement, force, or threat of force, from one place to another, while armed with a deadly weapon, to-wit: Michael Robinson's hands and feet." Appellant's Appendix Volume II at 20. The State also charged him with Count II, criminal confinement of Caine and Hill as a level 3 felony; Count III, aggravated battery of Caine as a level 3 felony; and Count IV, criminal recklessness as a level 6 felony. On December 27, 2016, the court set an omnibus date of March 3, 2017.

[3] On January 23, 2017, the State filed Count V, conspiracy to commit murder of Caine as a level 2 felony; Count VI, conspiracy to commit murder of Hill as a level 2 felony; and Count VII, auto theft as a level 6 felony. On February 28, 2017, the State alleged that Robinson was an habitual offender as Count VIII.

[4] On November 15, 2017, the State charged Robinson with Count IX, robbery resulting in serious bodily injury of Caine as a level 2 felony; Count X, robbery resulting in serious bodily injury of Hill as a level 2 felony; Count XI, robbery of Caine as a level 3 felony; and Count XII, robbery of Hill as a level 3 felony. On

November 17, 2017, the court granted a motion by the State to dismiss Count VIII.

[5] On February 15, 2018, the State filed an amended charging information for Counts I, II, and III. Specifically, the State alleged in Count I, kidnapping as a level 3 felony, that Robinson "while armed with a deadly weapon, to-wit: a gun and/or a knife did knowingly or intentionally remove Matthew Caine by fraud, enticement, force, or threat of force from one place to another place . . . ." Appellant's Appendix Volume III at 19. That same day, the State also charged Robinson with Count XIII, criminal confinement as a level 3 felony, alleging that Robinson "did knowingly or intentionally confine Bryan Hill without the consent of Matthew Caine, and Michael S. Robinson being armed with a deadly weapon, to wit: baseball bat and a gun . . . ." *Id.* at 29. The State also charged him with Count XIV, aggravated battery of Hill as a level 3 felony, and Count XV, kidnapping of Hill as a level 3 felony.

[6] On February 20, 2018, the parties conducted *voir dire* and a jury was sworn, admonished, and released to reappear on the following day. Outside of the presence of the jury, Robinson's counsel objected to amended Count I and argued that the change from a deadly weapon being Robinson's hands and feet as alleged in the original Count I to a deadly weapon being a gun or knife in the amended Count I information constituted an alteration as to substance. The prosecutor stated that the facts "while they are substantive in nature, come as no surprise to the defense," and asserted that he did not "have to list [the weapon] under the to-wit portion." Transcript Volume II at 4-5. The

prosecutor also indicated that the information was contained in the case reports and depositions of the victims. The court stated in part: "In November 15 there were charges filed about the use of a hand gun and, you know, in my view, I understand what you're saying [Robinson's counsel], but I also believe that it was, in essence, a somewhat of a scrivener's error of saying a deadly weapon was someone's hands." *Id.* at 7. The court allowed the amendment for Count I. Upon the State's request, the court dismissed Count IV.

[7] On February 21, 2018, the State filed an amended information for Count XIII, criminal confinement as a level 3 felony, and alleged that Robinson "did knowingly or intentionally confine Bryan Hill without the consent of Bryan Hill, said [Robinson] being armed with a deadly weapon, to wit: baseball bat and a gun . . . ." Appellant's Appendix Volume III at 55. That same day, the jury heard opening statements. The court conducted a jury trial on February 21, 22, and 23.

[8] On February 22, 2018, the court discussed amended Count XIII with the parties' counsel. Robinson's counsel objected and argued that jeopardy had already attached and asserted that the amended count changed the character of the original charge. The court indicated that it would make a decision prior to the reading of the final instructions. Later, Robinson's counsel argued that the amended information would confuse the jury and that he intended to move for a directed verdict on Count XIII at the close of the State's evidence. The prosecutor asserted that it was a scrivener's error and it was not confusing to the

jury. The court stated that the change was "as to form, not substance," and did not affect any defense. Transcript Volume III at 48.

On February 23, 2018, the jury found Robinson guilty of amended Count I, amended Count II, amended Count III, Count VII, Count IX, Count X, Count XI, Count XII, amended Count XIII, Count XIV, and Count XV. The court entered judgments of conviction on these counts. The jury found Robinson not guilty of Counts V and VI. The court found that Count XI and amended Count III merged with Count IX, Counts XII and XIV merged with Count X, Count II merged with Count I, and Count XIII merged with Count XV for sentencing purposes.

*Discussion*

The issue is whether the trial court erred in allowing the State to amend the charging information for Counts I and XIII.[1] Robinson argues that the amended information for Count I was filed five days before trial, that the State acknowledged that the amendment was substantive in nature, and that his substantial rights were prejudiced. He asserts that his trial preparation under Count I "would have been nil because dismissal was a 'slam dunk' as soon as the State rested." Appellant's Brief at 12. He also argues that the amendment of Count XIII prejudiced his substantial rights. The State argues that the

---

[1] In his summary of the argument, Robinson asserts that the trial court committed error "in overruling [his] objections to the State's filing of Amended Informations for Counts 1 and 3." Appellant's Brief at 10. However, his argument section focuses on Counts I and XIII and does not mention Count III. In his conclusion, he also refers to only Counts I and XIII.

amendments in Counts I and XIII corrected immaterial defects or miswritings and, if the amendments did not correct miswritings, the amendments corrected mere defects, imperfections, or omissions in form which did not prejudice Robinson's substantial rights.

[11]     Ind. Code § 35-34-1-5 governs amendment of charges and provides in part:

> (a) An indictment or information which charges the commission of an offense may not be dismissed but may be amended on motion by the prosecuting attorney at any time because of any immaterial defect, including:
>
> (1) any miswriting, misspelling, or grammatical error;
>
> (2) any misjoinder of parties defendant or offenses charged;
>
> (3) the presence of any unnecessary repugnant allegation;
>
> (4) the failure to negate any exception, excuse, or provision contained in the statute defining the offense;
>
> (5) the use of alternative or disjunctive allegations as to the acts, means, intents, or results charged;
>
> (6) any mistake in the name of the court or county in the title of the action, or the statutory provision alleged to have been violated;
>
> (7) the failure to state the time or place at which the offense was committed where the time or place is not of the essence of the offense;
>
> (8) the failure to state an amount of value or price of any matter where that value or price is not of the essence of the offense; or

(9) any other defect which does not prejudice the substantial rights of the defendant.

(b) The indictment or information may be amended in matters of substance and the names of material witnesses may be added, by the prosecuting attorney, upon giving written notice to the defendant at any time:

(1) up to:

(A) thirty (30) days if the defendant is charged with a felony; or

(B) fifteen (15) days if the defendant is charged only with one (1) or more misdemeanors;

before the omnibus date; or

(2) before the commencement of trial;

if the amendment does not prejudice the substantial rights of the defendant. When the information or indictment is amended, it shall be signed by the prosecuting attorney or a deputy prosecuting attorney.

(c) Upon motion of the prosecuting attorney, the court may, at any time before, during, or after the trial, permit an amendment to the indictment or information in respect to any defect, imperfection, or omission in form which does not prejudice the substantial rights of the defendant.

(d) Before amendment of any indictment or information other than amendment as provided in subsection (b), the court shall give all parties adequate notice of the intended amendment and an opportunity to be heard. Upon permitting such amendment, the court shall, upon motion by the defendant, order any continuance of the proceedings which may be necessary to accord the defendant adequate opportunity to prepare the defendant's defense.

[12] "A charging information may be amended at various stages of a prosecution, depending on whether the amendment is to the form or to the substance of the original information." *Erkins v. State*, 13 N.E.3d 400, 405 (Ind. 2014) (quoting *Fajardo v. State*, 859 N.E.2d 1201, 1203 (Ind. 2007)), *reh'g denied*, *cert. denied*, 135 S. Ct. 967 (2015). The Indiana Supreme Court has set forth the test for determining whether an amendment to the charging information was one of form or of substance:

> [A]n amendment is one of form and not substance if a defense under the original information would be equally available after the amendment and the accused's evidence would apply equally to the information in either form. Further, an amendment is of substance only if it is essential to making a valid charge of the crime.

*Id.* at 406 (quoting *Fajardo*, 859 N.E.2d at 1205 (quoting *McIntyre v. State*, 717 N.E.2d 114, 125-126 (Ind. 1999), *reh'g denied*). "Whether an amendment to a charging information is a matter of substance or form is a question of law." *Id.* at 405. We review questions of law de novo. *Id.*

[13] "A defendant's substantial rights 'include a right to sufficient notice and an opportunity to be heard regarding the charge; and, if the amendment does not affect any particular defense or change the positions of either of the parties, it does not violate these rights.'" *Id.* (quoting *Gomez v. State*, 907 N.E.2d 607, 611 (Ind. Ct. App. 2009), *trans. denied*). "Ultimately, the question is whether the defendant had a reasonable opportunity to prepare for and defend against the

charges." *Id.* at 405-406 (quoting *Sides v. State*, 693 N.E.2d 1310, 1313 (Ind. 1998), *abrogated on other grounds by Fajardo*, 859 N.E.2d. at 1206-1207).

[14] The original charging information for Count I alleged that Robinson did "[k]nowingly or intentionally remove another person, to-wit: Matthew W. Caine and Bryan Hill; by fraud, enticement, force, or threat of force, from one place to another, while armed with a deadly weapon, to-wit: Michael Robinson's hands and feet . . . ." Appellant's Appendix Volume II at 20. The amended information for Count I filed on February 15, 2018, alleged that Robinson "while armed with a deadly weapon, to-wit: a gun and/or a knife did knowingly or intentionally remove Matthew Caine by fraud, enticement, force or threat of force from one place to another place . . . ." Appellant's Appendix Volume III at 19.

[15] Both the original and amended counts referenced Ind. Code § 35-42-3-2, which provides in part that "[a] person who knowingly or intentionally removes another person, by fraud, enticement, force, or threat of force, from one place to another commits kidnapping" and that the offense is a level 3 felony if it "is committed while armed with a deadly weapon."

[16] The reference in the original charging information to any specific deadly weapon was not necessary under the charging statute to establish a violation of Ind. Code § 35-42-3-2, which provides that a level 3 felony conviction for kidnapping may be proved when the defendant is "armed with a deadly weapon." Revision of the charging information does not change the

fundamental charge or statutory elements needed to prove the charged offense of kidnapping as a level 3 felony. *See Erkins*, 13 N.E.3d at 406 (quoting *Fajardo* for the proposition that "'[a]n amendment is of substance only if it is essential to making a valid charge of the crime'"). Robinson does not argue that he was not provided with Patrol Officer E. Fogg's Incident Report or Detective Brent Wines's statement which were included as part of the affidavit of probable cause. Officer Fogg's report included the allegation Robinson told Caine and Hill "to get a t-shirt on before ordering them into Hill's truck outside," that Hill and Caine "were placed in the front seat while [Robinson] drove and [Marcus Robinson] was in the back seat armed with a gun," and that Hill reported that "they told him they were going to kill them." Appellant's Appendix Volume II at 34. Detective Wines's statement includes the allegation that Caine advised him that he and Hill "were escorted at gun point to the truck." *Id.* at 40. Based on the evidence available to Robinson before the beginning of his trial, it would have come as no surprise to him that the State would attempt to prove that the deadly weapon was a gun. Robinson was not deprived of notice of the evidence against him or of the charges. *See Erkins*, 13 N.E.3d at 406 (reiterating *Fajardo*, "'[u]ltimately, the question is whether the defendant had a reasonable opportunity to prepare for and defend against the charges'"). Under these circumstances, we cannot say that reversal is warranted. *See id.* (addressing an amended information which changed the identity of a co-conspirator and holding that the particular identity of the co-conspirator performing the overt act was not essential to making a valid conspiracy charge, that it would have come as no surprise to the defendant that the State would attempt to prove that

it was in fact a certain individual who performed an overt act, that the defendant's ability to prepare his defense was not affected, that the amendment was one of form, and that the trial court did not err in permitting it).

[17] With respect to Count XIII, the original information alleged that Robinson "did knowingly or intentionally confine Bryan Hill without the consent of Matthew Caine, and [Robinson] being armed with a deadly weapon, to wit: baseball bat and a gun . . . ." Appellant's Appendix Volume III at 29. The amended information for Count XIII alleged that Robinson "did knowingly or intentionally confine Bryan Hill without the consent of Bryan Hill, said [Robinson] being armed with a deadly weapon, to wit: baseball bat and a gun . . . ." *Id.* at 55. Based on the evidence available to Robinson before the beginning of his trial, he was not deprived of notice of the evidence against him or of the amended charge. We conclude that this amendment corrected an immaterial defect or a defect, imperfection, or omission in form which did not prejudice Robinson's substantial rights. We cannot say that reversal is required.

## *Conclusion*

[18] For the foregoing reasons, we affirm the trial court.

[19] Affirmed.

Altice, J., and Tavitas, J., concur.