

FILED

Sep 21 2016, 7:54 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Stephen T. Owens
Public Defender of Indiana

William D. Polansky
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Katherine Modesitt Cooper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Charles R. Cole, III,<br><br>*Appellant-Petitioner,*<br><br>v.<br><br>State of Indiana,<br><br>*Appellee-Respondent.* | September 21, 2016<br><br>Court of Appeals Case No.<br>82A01-1602-PC-304<br><br>Appeal from the Vanderburgh Circuit Court.<br>The Honorable Robert J. Pigman, Special Judge.<br>Cause No. 82C01-1006-PC-10 |

**Barteau, Senior Judge**

## Statement of the Case

[1] Charles R. Cole, III, appeals the denial of his petition for post-conviction relief. We affirm.

# Issue

Cole raises one issue, which we restate as: whether the post-conviction court erred in rejecting his claim of ineffective assistance of trial counsel.

# Facts and Procedural History

The facts, as stated in Cole's direct appeal, are as follows:

> On May 1, 1995, Cole, Christine Goodwin, and James Thomas planned to rob First Federal Savings Bank in Vanderburgh County. Goodwin drove an Oldsmobile, and Cole and Thomas drove a red Toyota to the bank. Cole and Thomas wore ski masks and Cole was armed with a handgun. While Goodwin waited in the Oldsmobile, Cole and Thomas entered the bank, Cole jumped onto the teller's counter, pointed a gun at the teller's head and demanded money. Cole and Thomas left the bank with $3000, and Goodwin drove them to the home of Angel Cole, Cole's sister.
>
> Cole and Goodwin planned to rob another bank on May 27, 1995. However, on the day of the robbery, the group decided that Goodwin would not participate. As a result, Michael Grey took Goodwin's place in assisting with the robbery. Cole and Grey drove the Oldsmobile and the red Toyota to Union Federal Savings Bank. As in the first robbery, Cole wore a ski mask and was armed with a handgun. Again, he jumped onto the teller's counter and demanded money. He then fled with $33,000 to Angel Cole's house.
>
> On June 24, 1995, Cole, Goodwin and Thomas drove the Oldsmobile to the National City Bank intending to rob it. Again, Cole was wearing a ski mask and was armed with the same handgun he had used in the previous two robberies. However, after arriving at the bank, they found that it was closed.

On June 26, 1995, Cole and Goodwin drove to Citizens Bank in the Oldsmobile. Cole then robbed the bank in the same manner as he had robbed the other banks. After Cole and Goodwin fled the bank, they drove to Angel Cole's house. Later, as Goodwin left the sister's house, the police arrested her for the most recent robbery. Goodwin confessed to the police that she and Cole had committed several robberies and told the police that they could find Cole at his father's house.

The police then arrested Cole at his father's house. In addition, the police obtained consent from the father to search the premises. During this search, they found several firearms.

*Cole v. State*, Cause No. 82A05-9610-CR-439, *2-3 (Ind. Ct. App. Dec. 8, 1997).

[4] The State initially charged Cole with two counts of Class B felony robbery and one count of Class B felony attempted robbery. After the omnibus date had passed, Cole filed a motion to sever the charges and the State amended the charging information to add a third count of Class B felony robbery. Cole did not object to the amendment. The trial court later denied Cole's motion to sever.

[5] A jury determined Cole was guilty of the three counts of robbery but not guilty of attempted robbery, and the trial court sentenced Cole accordingly. Cole appealed, claiming the trial court erred in denying his motion to sever and in admitting evidence found during a search of his father's house. The Court affirmed his convictions. *See id.*

[6] Cole filed a petition for post-conviction relief, presenting three claims of ineffective assistance of trial counsel. The post-conviction court held an evidentiary hearing. During the hearing, Cole submitted affidavits from his two

trial attorneys. After an evidentiary hearing, the post-conviction court issued findings of fact and conclusions thereon denying Cole's petition in its entirety.

## Discussion and Decision

[7] Cole argues the post-conviction court erred by rejecting one of his claims of ineffective assistance of trial counsel. Specifically, he contends his attorneys should have objected to the State's amendment of the charging information to add an additional count of robbery because the amendment was untimely. The State responds that the prosecutor was allowed under then-existing caselaw to file the amendment, so Cole's counsel did not render ineffective assistance by declining to object.

[8] Post-conviction proceedings are civil in nature and the petitioner must prove his or her claims by a preponderance of the evidence. *Wilkes v. State*, 984 N.E.2d 1236, 1240 (Ind. 2013). When a petitioner appeals from the denial of post-conviction relief, he or she appeals from a negative judgment. *Pannell v. State*, 36 N.E.3d 477, 485 (Ind. Ct. App. 2015), *trans. denied*. We may not reverse the judgment of the post-conviction court unless the evidence as a whole leads to a decision opposite that of the post-conviction court. *Id.* Stated differently, the appellant must convince the Court there is no way within the law that the post-conviction court could have reached the decision it did. *Wilkes*, 984 N.E.2d at 1240. We accept the post-conviction court's findings of fact unless they are clearly erroneous, but we do not defer to the court's conclusions of law.

*Pannell*, 36 N.E.3d at 485. Here, the parties do not point to any evidentiary disputes and instead present a question of law.[1]

[9] We evaluate claims of ineffective assistance under the two-part test originally set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). A petitioner must demonstrate that his or her counsel performed deficiently, resulting in prejudice. *Rondeau v. State*, 48 N.E.3d 907, 916 (Ind. Ct. App. 2016), *trans. denied*. Counsel renders deficient performance when his or her representation fails to meet an objective standard of reasonableness. *Id.* Prejudice exists when a petitioner demonstrates that, if not for counsel's deficient performance, there is a reasonable probability that the result would have been different. *Id.* A petitioner must prove both parts of the test, and failure to do so will cause the claim to fail. *Mallory v. State*, 954 N.E.2d 933, 936 (Ind. Ct. App. 2011).

[10] We strongly presume counsel provided adequate assistance and exercised reasonable professional judgment in all significant decisions. *Morales v. State*, 19 N.E.3d 292, 297 (Ind. Ct. App. 2014), *trans. denied*. Counsel's conduct is assessed based on facts known at the time and not through hindsight. *Id.* Where, as here, a claim of ineffective assistance is based on counsel's failure to

---

[1] Cole argues in his Reply Brief that the State has failed to specifically support the post-conviction court's legal reasoning in this appeal. Cole further concludes that, due to the State's failure to defend the post-conviction court's conclusions of law, he need only present a prima facie case to prevail. We disagree. As noted above, the relevant issue in this appeal is purely legal in nature, and we are not bound by the post-conviction court's interpretation of the law.

object, the petitioner must demonstrate that if an objection had been made, the trial court would have had no choice but to sustain it. *Little v. State*, 819 N.E.2d 496, 506 (Ind. Ct. App. 2004), *trans. denied*.

[11] At the time Cole committed his crimes, the statute that governed the amendment of a charging information provided, in relevant part:

> (a) An indictment or information which charges the commission of an offense may not be dismissed but may be amended on motion by the prosecuting attorney at any time because of any immaterial defect, including:
>
> (1) any miswriting, misspelling, or grammatical error;
>
> (2) any misjoinder of parties defendant or offenses charged;
>
> (3) the presence of any unnecessary repugnant allegation;
>
> (4) the failure to negate any exception, excuse, or provision contained in the statute defining the offense;
>
> (5) the use of alternative or disjunctive allegations as to the acts, means, intents, or results charged;
>
> (6) any mistake in the name of the court or county in the title of the action, or the statutory provision alleged to have been violated;
>
> (7) the failure to state the time or place at which the offense was committed where the time or place is not of the essence of the offense;
>
> (8) the failure to state an amount of value or price of any matter where that value or price is not of the essence of the offense; or
>
> (9) any other defect which does not prejudice the substantial rights of the defendant.
>
> (b) The indictment or information may be amended in matters of substance or form, and the names of material witnesses may be added, by the prosecuting attorney, upon giving written notice to the defendant, at any time up to:

(1) thirty (30) days if the defendant is charged with a felony; or

(2) fifteen (15) days if the defendant is charged only with one (1) or more misdemeanors;

before the omnibus date. When the information or indictment is amended, it shall be signed by the prosecuting attorney.

(c) Upon motion of the prosecuting attorney, the court may, at any time before, during, or after the trial, permit an amendment to the indictment or information in respect to any defect, imperfection, or omission in form which does not prejudice the substantial rights of the defendant.

(d) Before amendment of any indictment or information other than amendment as provided in subsection (b) of this section, the court shall give all parties adequate notice of the intended amendment and an opportunity to be heard. Upon permitting such amendment, the court shall, upon motion by the defendant, order any continuance of the proceedings which may be necessary to accord the defendant adequate opportunity to prepare his defense.

Ind. Code § 35-34-1-5 (1993).

[12] Cole claims: (1) the amendment of the charging information to add another robbery charge was a matter of substance, not form; and (2) the amendment was untimely because he was charged with a felony, but the prosecutor submitted the amendment after the deadline set forth in subsection (b) of the statute. As a result, Cole reasons his attorney should have objected to the late amendment, which he believes would have resulted in the amendment being rejected and the dismissal of one of the charges for which he was later convicted. The State does not dispute that the amendment was of substance rather than form and that the prosecutor filed the amendment after the omnibus date. Instead, the State argues that caselaw in effect at that time permitted

substantive amendments to the charging information after the statutory deadline, and Cole's counsel did not render deficient performance by failing to object.

[13] In *Fajardo v. State*, 859 N.E.2d 1201, 1204-06 (Ind. 2007), the Indiana Supreme Court considered the legislative history and prior judicial application of Ind. Code § 35-34-1-5, including during the period of time when Cole committed his crimes. The Court noted that the statute clearly required that all amendments as to substance must be filed no later than thirty days before the omnibus date in felony cases. *Id.* at 1206. Despite the statutory language, the Court noted, "Ensuing case law, however, has been inconsistent and conflicting, often reflecting the practice and procedure under prior statutes, or imprecisely disregarding the subsection 5(b) timeliness requirement for amendments to substance in favor of the absence of prejudice requirement that subsections 5(a)(9) and 5(c) apply only to amendments of form." *Id.*

[14] The Court further stated:

> Several cases have permitted amendments related to matters of substance simply on grounds that the changes did not prejudice the substantial rights of the defendant, without regard to whether or not the amendments were untimely. Several other cases likewise have not focused upon whether the challenged amendment was one of form or substance, but have employed components of the substance/form test (whether defense equally available and evidence equally applicable, and whether amendment not essential to making a valid charge) to assess whether the defendant's substantial rights were prejudiced, which is not a controlling factor for permitting substantive amendments.

> The methodology employed in the cases identified in this paragraph does not comply with Indiana Code § 35-34-1-5.

*Id.* at 1206-07 (citations and footnotes omitted).

[15] Thus, in *Fajardo*, the Court disapproved of nineteen Indiana Supreme Court and Court of Appeals cases over the previous twenty years where the plain language of Indiana Code section 35-34-1-5(b) had been disregarded. The Court further clarified that, going forward, the timeliness requirement for filing substantive amendments must be followed.[2] The discussion in *Fajardo* serves to emphasize that, at the time Cole faced his criminal charges, substantive amendments that added additional charges were permitted even if the State submitted the amendments after the statutory deadline. *See, e.g.*, *Tripp v. State*, 729 N.E.2d 1061, 1065 (Ind. Ct. App. 2000) (amendment of information to add a new charge after omnibus date was permissible) (abrogated by *Fajardo*); *Todd v. State*, 566 N.E.2d 67, 69-70 (Ind. Ct. App. 1991) (amendment of information to add new charges on the day of trial was permissible) (abrogated by *Fajardo*).

[16] Further, Cole concedes, "there was no case at the time [he committed his crimes] reversing a conviction for an untimely amendment of substance." Appellant's Br. p. 15. Given the existence of appellate decisions affirming trial court rulings permitting late, substantive amendments to a charging

---

[2] After the Indiana Supreme Court issued *Fajardo*, the General Assembly amended Indiana Code § 35-34-1-5 to state that a prosecutor may amend the charging complaint, even as to matters of substance, at any time before trial so long as the amendment does not prejudice the defendant's substantial rights. *See Hurst v. State*, 890 N.E.2d 88, 93 (Ind. Ct. App. 2008), *trans. denied*.

information, Cole has failed to demonstrate that if Cole's attorney had objected to the late amendment, the trial court "would have had no choice but to sustain" the objection. *Little*, 819 N.E.2d at 506. As a result, Cole has failed to establish that his trial counsel performed deficiently.

[17] Cole cites *Fisher v. State*, 810 N.E.2d 674 (Ind. 2004), in support of his claim that his trial counsel should have objected to the amendment even though the caselaw at that time was unclear. In *Fisher*, a post-conviction petitioner claimed ineffective assistance of direct appeal counsel, arguing his counsel should have challenged the trial court's rejection of his proposed jury instruction on lesser included offenses. Fisher argued the jury instruction issue was a stronger claim than the claims counsel actually presented. The Indiana Supreme Court noted that the law governing instructions for lesser included offenses was "in a state of flux" at the time of Fisher's trial. *Id.* at 678. Nevertheless, the Court concluded Fisher's appellate counsel should have raised the claim because the claim "was both significant and obvious as well as clearly stronger than the issues raised." *Id.* at 679.

[18] *Fisher* is distinguishable from the current case because it involved a different procedural posture and a different standard of review (whether direct appellate counsel failed to raise a claim that was significant, obvious, and clearly stronger than the issues raised) than in the current case (whether trial counsel should have objected because the trial court would have had no choice but to sustain the objection). In addition, in *Fisher* the Indiana Supreme Court concluded the change in the law at issue there was based in part "upon then-existing case

authority" of which Fisher's counsel should have been aware. *Id.* at 678-79. By contrast, in *Fajardo* the Court simply cited the plain language of Indiana Code section 35-34-1-5 to invalidate nineteen prior decisions—an outcome that was arguably less predictable than the change in *Fisher*.

# Conclusion

[19] Cole has failed to establish that the post-conviction court erred. For the reasons stated above, we affirm the judgment of the trial court.

[20] Affirmed.

Najam, J., and Bradford, J., concur.