## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 24 2020, 9:42 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Stephen T. Owens
Public Defender of Indiana

John Pinnow
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Dustin Scott Devers,<br>*Appellant-Petitioner,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Respondent.* | March 24, 2020<br><br>Court of Appeals Case No.<br>19A-PC-1893<br><br>Appeal from the Vanderburgh<br>Circuit Court<br><br>The Honorable Kelli E. Fink,<br>Magistrate<br><br>Trial Court Cause No.<br>82C01-1805-PC-2954 |

**Tavitas, Judge.**

## Case Summary

[1] Dustin Devers appeals the post-conviction court's ("PC court") denial of his petition for post-conviction relief ("PCR"). We affirm.

## Issue

[2] Devers raises two issues on appeal, which we consolidate and restate as whether Devers received ineffective assistance of trial and appellate counsel.

## Facts

[3] The underlying facts of Devers' conviction for intimidation, a Level 5 felony, were set out in this Court's decision on direct appeal as follows:

> On January 28, 2017, Edward Brandt called 911 and reported that Devers was inside an Evansville home, armed with a knife, and had threatened the lives of all of the home's occupants. . . . Officer Matthews approached the home and found the interior side door open and the screen door closed. As he approached, Officer Mat[t]hews could hear a male voice yelling and arguing with someone. Once he reached the door, Officer Mat[t]hews could see inside the home and saw Devers and a younger woman, later identified as Devers's girlfriend, Lindsay Clark, sitting at a kitchen table. An older woman, later identified as Devers's grandmother, Donna Devers (Donna), was standing behind Clark. None of the people inside noticed Officer Matthews, and he continued to observe the situation unfold as he waited for backup to arrive.
>
> Devers continued to argue and shout at Clark while Donna tried to calm him down. Devers then grabbed a knife and said to Clark, "okay, are you ready for this? I'm going to ram this through your head, and I'm going to go away for a long time."

> *Transcript Vol. 2* at 16. Devers then held the knife up to Clark's throat. At about that time, several backup officers arrived, and while the officers were formulating a plan, Devers somehow fell to the ground. The officers then entered the home and Officer Matthews used his taser to subdue Devers, allowing the other officers to take him into custody.
>
> As a result of these events, the State charged Devers with Level 5 felony intimidation and filed a habitual offender allegation. . . .

*Devers v. State*, No. 82A04-1708-CR-1749, slip op. at 1 (Ind. Ct. App. Feb. 28, 2018).

[4] The charging information alleged that Devers "did communicate a threat to Lindsey Clark, another person, with the intent that Lindsey Clark be placed in fear of retaliation for a prior lawful act, to-wit: disagreeing with the defendant; and in committing said act the defendant drew or used a deadly weapon, to-wit: [a] knife. . . ." Direct Appeal Appellant's App. Vol. II p. 15.

[5] At trial, Devers' theory of the case was that he did not threaten to harm Clark but, instead, threatened to harm himself. Devers' grandmother testified that Devers "held [a kitchen knife] to his [own] throat." Direct Appeal Tr. Vol. II p. 96. [1]

---

[1] There is a variance in the page numbers because the direct appeal Volume II transcript page numbers start on page four. We will use the page numbers on the bottom right of the direct appeal transcript instead of the PDF page numbers.

[6] In the rebuttal closing argument, the State argued:

> If you believe Officer Matthews' testimony about what he observed that's corroborated by the 911 call, the defendant is guilty. If you believe the defendant's version of what happened, that he held a knife to his throat, with the intent to place Lindsay Clark in fear that he might actually kill himself if she didn't go upstairs with him, . . . he's still guilty. That's still [i]ntimidation, so under either circumstance, he's guilty as charged, . . .

*Id.* at 132-33. After a jury found Devers guilty of intimidation, a Level 5 felony, Devers appealed. Devers' appellate counsel argued prosecutorial misconduct in the State's closing arguments[2] and that Devers' sentence was inappropriate. Our Court affirmed Devers' conviction and sentence.

[7] On May 21, 2018, Devers filed his PCR petition, which he later amended. The amended PCR petition alleged that Devers received ineffective assistance of trial and appellate counsel because: (1) trial counsel should have objected to the State's closing argument that threatening to kill oneself constitutes a "threat" for purposes of intimidation; (2) trial counsel should have requested a specific jury unanimity instruction; and (3) appellate counsel should have argued these two points on appeal.

[8] The PC court held a hearing on March 13, 2019. Devers called both his prior trial and appellate counsel to testify. Attorney Barry Blackard represented

---

[2] The prosecutorial misconduct argument was due to another statement made by the State in closing arguments and is not at issue in Devers' PCR petition.

Devers at his jury trial. Attorney Blackard testified his strategy at trial was: (1) to argue that Devers did not communicate a threat to Clark; and (2) to create a credibility question because neither Clark nor Edward Brandt, who called 911 to report the crime, testified at trial.[3] Attorney Blackard testified that he studied the intimidation statute closely prior to Devers' trial and was unable to find any cases on whether a threat to commit suicide constituted a threat under the intimidation statute.

[9] When Attorney Blackard was questioned about his reason for not objecting to the State's closing argument regarding Devers' alleged threat to commit suicide, Attorney Blackard testified that he does not like to object during closing argument if it could draw attention to an issue. Additionally, Attorney Blackard testified that he was satisfied with the jury instructions tendered and did not deem further instructions to be warranted.

[10] Attorney Scott Barnhart, who served as Devers' appellate counsel on direct appeal, testified that: (1) he did not raise the issue regarding the State's definition of "threat" in closing arguments because Attorney Blackard did not object at trial; and (2) Barnhart does not recall whether he considered raising an argument with regard to an additional jury unanimity instruction; however, he did not believe he researched cases on this issue.

---

[3] Clark appeared to "dodge service." PCR Tr. Vol. II p. 21.

On August 1, 2019, the trial court entered findings of fact and conclusions of law denying Devers' PCR petition. Devers now appeals.

## Analysis

Devers appeals from the denial of his PCR petition. Our Supreme Court has stated:

> The petitioner in a post-conviction proceeding bears the burden of establishing grounds for relief by a preponderance of the evidence. When appealing from the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. To prevail on appeal from the denial of post-conviction relief, a petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. [Where, as here, a post-conviction court has made findings of fact and conclusions of law in accordance with Indiana Post-Conviction Rule 1(6), we] do not defer to the post-conviction court's legal conclusions[.] A post-conviction court's findings and judgment will be reversed only upon a showing of clear error – that which leaves us with a definite and firm conviction that a mistake has been made.

*Hollowell v. State,* 19 N.E.3d 263, 268-69 (Ind. 2014) (internal quotations and citations omitted). As the clearly erroneous standard "is a review for sufficiency of evidence, we neither reweigh the evidence nor determine the credibility of witnesses." *State v. Greene,* 16 N.E.3d 416, 418 (Ind. 2014). "Rather, we 'consider only the evidence that supports that judgment and the reasonable inferences to be drawn from that evidence.'" *Id*. (*quoting Ben-Yisrayl*

*v. State,* 738 N.E.2d 253, 258-59 (Ind. 2000), *cert. denied,* 534 U.S. 1164, 122 S. Ct. 1178 (2000)).

[13] Each of Devers' arguments relates to whether a threat to commit suicide can be considered intimidation and whether the issue was properly addressed by Devers' trial and appellate counsel. Pursuant to the version of Indiana Code Section 35-45-2-1(a)(2)[4] in effect in January 2017, a person commits intimidation, a Class A misdemeanor, if the person "communicates a threat to another person, with the intent . . . (2) that the other person be placed in fear of retaliation for a prior lawful act[.]" The offense becomes a Level 5 felony if "while committing it, the person draws or uses a deadly weapon[.]" Ind. Code § 35-45-2-1(b)(2). "Threat" is defined by Indiana Code Section 34-45-2-1(d), in relevant part, as:

> "Threat" means an expression, by words or action, of an intention to:
>
> > (1) unlawfully injure the person threatened or another person, or damage property;
> >
> > (2) unlawfully subject a person to physical confinement or restraint;
> >
> > (3) commit a crime; . . .

---

[4] We have only cited the portions of the intimidation statute relevant to Devers' charges.

We note that the charging information in this case did not specify the content of the threat, i.e., whether Devers' threat was to harm Clark or himself. The statute does include, in the definition of threat, that the threat may be directed at someone other than the victim of the intimidation. *See, e.g., J.T. v. State,* 718 N.E.2d 1119, 1124 n.6 (Ind. Ct. App. 1999) ("[T]he person placed in fear need not fear for her own safety. The statute applies whether the threat is made to unlawfully injure the person threatened or another person."). The parties have not identified any law, however, that discusses whether threatening to commit suicide is a "threat" as defined by statute. With this in mind, we will address Devers' arguments.

## I. Trial Counsel

Devers argues his trial counsel rendered ineffective assistance (1) for failing to object and/or move for a mistrial or admonishment during the State's closing arguments and (2) for failing to request a more specific unanimity instruction based upon the State's closing arguments that Devers could be convicted of intimidation based upon Devers' defense.

To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate both that: (1) his or her counsel's performance was deficient, and (2) the petitioner was prejudiced by the deficient performance. *Ben-Yisrayl v. State*, 729 N.E.2d 102, 106 (Ind. 2000) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984)), *reh'g denied*, *cert. denied*, 534 U.S. 830, 122 S. Ct. 73 (2001). The failure to satisfy either prong will cause the claim to fail. *Grinstead v. State*, 845 N.E.2d 1027, 1031 (Ind. 2006). Ineffective

assistance of counsel claims, thus, can be resolved by a prejudice analysis alone. *Id.* To demonstrate prejudice, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Weisheit v. State,* 109 N.E.3d 978, 983 (Ind. 2018) (quoting *Strickland,* 466 U.S. at 694, 104 S. Ct. 2052).

### *A. Closing Argument*

[17] Devers argues that trial counsel should have objected during the State's closing argument after the prosecutor argued "Devers was guilty of intimidation based on a factual scenario not covered by the intimidation statute." Appellant's Br. p. 13. Devers argues that he was prejudiced by this error because this improper argument "meant the jury could convict Devers of intimidation even if they agreed with the defense['s] version" of what occurred that night. *Id.*

[18] As noted above, Devers has not identified any law that precluded the State's closing argument. This is important because when a claim of ineffective assistance is based on counsel's failure to object, the petitioner must demonstrate that, if an objection had been made, the trial court would have had no choice but to sustain it. *See Cole v. State,* 61 N.E.3d 384, 387 (Ind. Ct. App. 2016), *trans. denied.* Because there is no law that specifically precludes the State's argument, Devers cannot prove that had his counsel objected, the trial

court would have had no option but to sustain the objection.[5] Thus, Devers has failed to prove that he was prejudiced by this closing argument. Devers failed to show the result of the proceeding would have been different if counsel objected to the closing argument. We, therefore, cannot say that the PC court's denial of Devers' PCR petition is clearly erroneous under these circumstances.

### B. Jury Instruction

[19] Next, Devers argues that the trial counsel's failure to request a separate jury unanimity instruction constituted deficient performance and prejudiced Devers. Devers relies upon this Court's opinion in *Castillo v. State,* 734 N.E.2d 299 (Ind. Ct. App. 2000), *summarily affirmed on trans.,* 741 N.E.2d 1196 (Ind. 2001). In *Castillo,* a confidential informant purchased cocaine from Castillo on two separate occasions in two different locations. *See Castillo,* 734 N.E.2d at 302. Castillo was charged with possession of cocaine and dealing in cocaine, Class A felonies. The charging information was "unspecific" and only charged that Castillo delivered cocaine within 1,000 feet of school property. *Id.* at 304. In closing argument, the State argued that the jury had a choice in convicting

---

[5] We do not disagree that it is a tough call as to whether a threat to commit suicide constitutes a "threat" by statute. Importantly, the use of both "another person" as well as "unlawfully injure" in the intimidation statutes gives us pause. *See* Ind. Code § 34-45-2-1(d). Regardless, even if we were to find the statutory definition of "threat" does not encompass a threat to commit suicide, we would not find Devers' trial counsel ineffective on this basis. As the parties acknowledge, they have been unable to find law on this issue, and we cannot fault trial counsel for failure to anticipate a possible future clarification of the law. *See Appellant's App. Vol. II p.* 81. *See Woodson v. State,* 961 N.E.2d 1035, 1044 (Ind. Ct. App. 2012) (holding "'For purposes of ineffective assistance of counsel claims, the law requires consideration of legal precedent available to counsel at the time of his representation of the accused, and counsel will not be deemed ineffective for not anticipating or initiating changes in the law.'") (quoting *Sweeney v. State,* 886 N.E.2d 1, 8 (Ind.Ct.App.2008), *trans. denied*).

Castillo because the State proved dealing "twice but [the jury] only had to find it either happened" at one location or the other.

[20] Our Court held that the trial court should have instructed the jury on which dealing crime the defendant committed, writing:

> It is possible, given these facts, that some jurors believed that Castillo committed the earlier dealing crime at Garcia's home while other jurors believed that Castillo committed the dealing violation at his home later that same day. Consequently, it is possible that the jury's verdict of guilty regarding the charge of dealing in cocaine was not unanimous.

*Id.* at 304-05.

[21] As the PC court found, *Castillo* is distinguishable. The conviction in *Castillo* was based on the State's presentation of evidence regarding two separate events, which could have been charged separately, but only one charge was filed. In Devers' case, the State's evidence leading to Devers' conviction was based on one incident. The defense presented conflicting evidence to which the State responded during closing argument. Devers cannot prove prejudice from trial counsel's failure to request a more specific unanimity instruction. Based on the foregoing, the PC Court's conclusion was not clearly erroneous.

## II.    *Appellate Counsel*

[22] Devers argues his appellate counsel rendered ineffective assistance because appellate counsel did not raise the two previously discussed arguments on

appeal, which he contends were "clearly stronger" than the ones appellate counsel raised. Appellant's Br. p. 14.

[23] "Our standard of review for claims of ineffective assistance of appellate counsel is the same as for trial counsel's ineffective assistance." *Jervis v. State,* 28 N.E.3d 361, 369 (Ind. Ct. App. 2015) (citing *Fisher v. State,* 810 N.E.2d 674, 676 (Ind. 2004)), *trans. denied.* Where a petitioner argues that appellate counsel failed to raise an issue on appeal, the "[p]etitioner must demonstrate that: (1) the unraised issues are significant and obvious from the face of the record; and (2) the unraised issues are 'clearly stronger' than the raised issues." *Timberlake v. State,* 753 N.E.2d 591, 606 (Ind. 2001)*; see Bieghler v. State,* 690 N.E.2d 188, 193 (Ind. 1997), *cert. denied*, 525 U.S. 1021, 119 S. Ct. 550 (1998).

[24] Based on our analysis above, *see supra* Section I, Devers has not convinced us that these issues are clearly stronger than the issues raised by Attorney Barnhart on appeal. We cannot say, therefore, that Devers received ineffective assistance of counsel on direct appeal.[6] The PC court's denial of Devers' PCR petition was not clearly erroneous.

---

[6] We note that, because Devers cannot prove ineffective assistance of counsel with regard to his direct appeal, Devers would not have been able to prove fundamental error on appeal. *See Benefield v. State,* 945 N.E.2d 791, 805 (Ind. Ct. App. 2011) (holding "where an appellant has failed to prove ineffective assistance of trial counsel, our holding would exclude a finding of fundamental error").

## Conclusion

Devers has not met his burden to prove that the PC Court's denial of his PCR petition was clearly erroneous. We affirm.

Affirmed.

Najam, J., and Vaidik, J., concur.